**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

JAMES A. BURGESS

                Plaintiff,

v.                               CIVIL ACTION NO.  2:11-cv-00946

INFINITY FINANCIAL EMPLOYMENT
SERVICES, LLC, et al.

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiff James A. Burgess and Defendant Flagstar Bank—the Defendant who removed this case from state court— jointly move to dismiss Defendant Flagstar from this action and jointly move to remand this case back to Kanawha County Circuit Court [Docket 7].  These motions, masquerading as simple uncontested requests by two parties who have apparently settled their dispute, raise important jurisdictional and procedural issues, which these newly reconciled litigants ignore.

Because the Court lacks jurisdiction over this matter, as explained below, the Court sua sponte **REMANDS** this case to Kanawha County Circuit Court.

*I. BACKGROUND*

On October 26, 2011, Plaintiff, presumably from Charleston, West Virginia,[1] sued four Defendants in state court: 1) Infinity Financial Employment Services, LLC ("Infinity"), an allegedly defunct mortgage broker that had offices in Kanawha County, West Virginia; 2) Fidelity and Deposit Company of Maryland ("FDCM"), an Illinois company that held a $50,000 broker bond; 3) Flagstar Bank, a lending institution based in Michigan; and 4) a John Doe Holder.

In Count One of the Complaint, Plaintiff alleges that Defendant Flagstar engaged in predatory lending practices with Plaintiff in violation of W.Va. Code §§ 46A-5-101(l) & 106. (Docket 1-1.) Count Two alleges that Defendant Infinity, a mortgage broker, breached its fiduciary duty to Plaintiff by, among other things, failing to disclose that it allegedly colluded with Defendant Flagstar in procuring an inflated appraisal of Plaintiff's home. (*Id.*)   Count Three lodges joint venture, conspiracy and agency theories of liability against all four Defendants. (*Id.*)

On November 28, 2011, Defendant Flagstar removed this case to this Court. (Docket 1.)  Its notice of removal claims that "[a]ccording to the Clerk of Court of Kanawha County" summonses to Defendants Infinity and FDCM were returned to the county clerk unserved.[2]  (*Id.*)  Based on that

_____

[1] Plaintiff's Complaint states that he is "a City of Charleston firefighter." No further allegations hint at his residency and citizenship. (Docket 1-1.)

[2] The only evidence Defendant Flagstar tenders for this representation is a one-page computer print-out, presumably from the Kanawha County Court Clerk's Office. *See* "Exhibit A" to Flagstar's notice of removal . (Docket 1-1, p. 1.)  The document bears a fax transmission line that appears to indicate it was faxed somewhere by the county court clerk on November 14, 2011. While the Court might assume from the many unexplained abbreviations contained on the print-out that Defendant Infinity was not properly served as of November 8, 2011, and also assumes that Infinity remains unserved, these are only assumptions. Even less clear from this document is whether Defendant FDCM was or was not served. Because the Court's disposition of this case does not turn on this fact, this litigative shortcoming is inconsequential here.  In future cases, however, should counsel for a
(continued...)

2

representation, it appears that Defendant Flagstar is the only Defendant who has been served in this case.  None of the Defendants joined in the notice of removal or otherwise appear to have consented to removal. Defendant Flagstar removed this case based on diversity jurisdiction afforded by 28 U.S.C. § 1332(a)(1).  (*Id.*)   Plaintiff has not sought remand of this case within the 30-day period prescribed by 28 U.S.C. § 1447(c) based on a defect other than subject matter jurisdiction.[3]

## II.  DISCUSSION

### A.      Governing Law

#### 1.      Removal Based on Diversity Jurisdiction

District courts have original jurisdiction of cases where the matter in controversy exceeds $75,000 and is between "citizens of different States." 28 U.S.C. § 1332(a).  If any defendant resides in the same state as any plaintiff, there is no complete diversity and no federal jurisdiction.  *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir.1999).  This complete diversity rule "makes it difficult for a defendant to remove a case if a nondiverse defendant has been party to the suit prior to removal." *Id.* (footnote omitted).  As the party seeking to invoke the jurisdiction of the federal court, Defendant Flagstar bears the burden of establishing by a preponderance of the evidence that diversity jurisdiction existed.  *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936); *Strawn v. AT & T Mobility LLC,* 530 F.3d 293, 296-97 (4th Cir.2008).

---

[2](...continued)
removing party seek to rely on this Court's diversity jurisdiction, greater care in marshaling clear proof establishing diversity between plaintiffs and defendants is advised.

[3] The joint motion to remand was filed on December 16, 2011 and, thus, was within 30 days of the filing of the November 28, 2011 Notice of Removal. [Docket 7.] The remand motion, however, appears to request remand based on the convenience of the settling parties and does not request remand based on any defect in the removal proceedings.

A defendant's ability to remove based upon diversity jurisdiction is limited by 28 U.S.C. § 1441(b)(2).  That statute provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  This provision, commonly known as the 'forum defendant rule,' is a distinct consideration from the diversity analysis under 28 U.S.C. § 1332(a).  *Councell v. Homer Laughlin China Co.*, No. 5:11CV45, 2011 WL 4808192 (N.D.W. Va. Oct. 11, 2011) (Stamp, J.).  Courts are divided on the question of whether removal is proper in cases involving an unserved forum defendant. *See Viatoe v. Mylan Pharmas., Inc.*, 2008 WL 3540462 *2–3 (N.D.W. Va. Aug. 13, 2008) (Keeley, J.) (examining conflicting cases and deciding that plain language of § 1441(b)(2) requires the forum defendant to be "joined and served" and, thus, the forum defendant rule does not preclude removal where forum defendant is unserved). [4]

---

[4]  Recently, the *Federal Courts Jurisdiction and Venue Clarification Act of 2011* amended several statutory provisions dealing with removal. Among other things, the Act (codifying well-settled case law) requires properly served defendants to consent to the removal. The amendments also retain the "joined and served" language of the forum defendant rule.  *See* 28 U.S.C. § 1441(b)(2).

The Act was signed into law on December 7, 2011, and took effect 30 days thereafter. It applies to any action commenced on or after the effective date. Where a defendant is served with a complaint and summons, the date of such service is the date of the removed action.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1991).  Here, Defendant Flagstar indicates in its notice of removal (Docket 1) that Plaintiff served Flagstar with a complaint and summons through the Secretary of State on October 27, 2011; thus, the amended statute does not apply.

All the defendants must consent to and join the notice of removal.  *See Chicago, R.I. & P. Ry. Co. v. Martin,* 178 U.S. 245, 248 (1900); *Barbour v. Intern. Union,* 640 F.3d 599, 605–06 (4th Cir. 2011) (quoting *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir.1985) (noting that "all of the defendants must agree to the removal of the state court action")).

The doctrine of fraudulent joinder is a judicially created remedy that "permits removal when a non-diverse party is a defendant in the case." *Mayes v. Rapoport*, 198 F.3d at 461.  The doctrine allows a court "to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Id.*

A defendant seeking removal of a state court action to federal court bears the heavy burden of establishing that a non-diverse defendant has been fraudulently joined. *See id.* at 463.  In order to establish the existence of fraudulent joinder

> the removing party must establish either: that there is *no possibility* that the plaintiff
> would be able to establish a cause of action against the in-state defendant in state
> court; or that there has been outright fraud in the plaintiff's pleading of jurisdictional
> facts.

*Id*. (emphasis in original) (quoting *Marshall v. Manville Sales Corp*., 6 F.3d 229, 233 (4th Cir.1993)).  In applying this strict standard, "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Marshall v. Manville Sales Corp*., at 233.  Furthermore, this  standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Hartley v. CSX Transp., Inc*., 187 F.3d 422, 424 (4th Cir.1999).  Courts should "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Id*. at 425 (citation and internal quotation marks omitted).

2.        *Remand Based on Lack of Diversity Jurisdiction*

Section 1447(c) governs remand procedure. That section provides in pertinent part:

(c)        A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded . . . .

Because removal of civil cases from state to federal court infringes state sovereignty, courts strictly construe the removal statute and resolve all doubts in favor of remanding the case to state court.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Mulcahey v. Columbia Organic Chems. Co., Inc.,* 29 F.3d 148, 151 (4th Cir. 1994); *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26 (3d Cir.1985). "[F]raudulent joinder claims are subject to a rather black-and-white analysis in this circuit.  Any shades of gray are resolved in favor of remand." *Morrison v. Standard Ins. Co.,* No. 2:10-CV-0156.  2010 WL 3703036 *4 (S.D.W. Va. Sept. 16, 2010) (Copenhaver, J.) (rejecting defendant's fraudulent joinder argument because, *inter alia,* where West Virginia has "recognized a number of equitable modifications regarding the statute of limitations," the court could not conclude "without a doubt" that plaintiff's claims were barred by the statute of limitations).

Pursuant to 28 U.S.C. § 1447(d), an order "remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise [except for civil rights cases] . . . ."  The Supreme Court has limited § 1447(d) insulating from appellate review those remand orders based on the grounds specified in § 1447(c), namely, a defect in the removal procedure and a lack of subject matter jurisdiction. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996).

6

B.      *Analysis*

As a preliminary matter, Plaintiff's joinder in Flagstar's motion to remand this case must be addressed.  Remand procedure is governed by 28 U.S.C. § 1447.  Plaintiffs seeking remand of cases are authorized under § 1447(c) to move for remand "on the basis of any defect other than lack of subject matter jurisdiction . . . within 30 days after the filing of the notice of removal under section 1446(a)."  Here, Plaintiff sought remand within the 30-day period, but not on the basis of any procedural or other defect. [Docket 7.]  Plaintiff has never complained of any defects in the removal process (e.g. diversity is not complete or that Flagstar's fraudulent joinder argument lacks merit).  Rather, Plaintiff, having settled with the removing Defendant Flagstar, proposes that remand is appropriate on the basis that he has worked things out with the removing Defendant.  Section 1447(c) plainly states that motions to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."  Nowhere in this statute is a plaintiff permitted to seek remand just because it has settled its dispute with one of several defendants—the non-settling defendants being parties who the plaintiff has, for whatever reason, not got around to serving, who may not even be aware of the suit, and who have not had the chance to consent to the removal of the case.  If a plaintiff were permitted to seek remand under these circumstances, much mischief and gamesmanship could be worked.  For example, a crafty plaintiff might purposefully delay in serving the non-removing defendants until he settled with the removing defendant so that the unserved defendants did not have a chance to consent to the removal and weigh in against remand.  Because the Plaintiff here has failed to file a remand motion alleging a defect in the removal process, he lacks a legal basis for joining in a remand motion with Defendant Flagstar.

7

Prior to considering Plaintiff and Defendant Flagstar's motion for voluntary dismissal and Defendant Flagstar's remand motion, the Court—which has serious questions about whether this Court has diversity jurisdiction over this dispute—must first examine the basis, if any, for its jurisdiction. *See Warren v. Sessoms & Rogers, P.A.*, Nos. 10–2105, 10–2155, 2012 WL 76053 * 3 (4th Cir. January 12, 2012) ("As a federal court, we must investigate the limits of our subject-matter jurisdiction whenever that jurisdiction is 'fairly in doubt.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *see also Carter v. Monsanto Co.*, 635 F. Supp.2d 479, 484 (S.D.W. Va. 2009) (Goodwin, C.J.) ("When a court has doubts about its subject matter jurisdiction, it should resolve those doubts before ruling on a motion for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2).").

In its Notice of Removal, Defendant Flagstar argues that the Court has original jurisdiction based on complete diversity of citizenship between the Plaintiff and the Defendants pursuant to 28 U.S.C. § 1332(a)(1). (Docket 1.)  Flagstar argues the Court may disregard Defendant Infinity's West Virginia citizenship in making the diversity determination because Defendant Infinity, an allegedly defunct company, was fraudulently joined. (Docket 1 at 4–5.)  Flagstar reasons that because the Complaint was filed in October 2011 and the Complaint states that the Plaintiff entered into a loan contract in November 2004, the two-year statute of limitations has long since run. (*Id.*)  Flagstar cursorily notes that there is no allegation in the Complaint that the violation was "discovered" at any time other than when it occurred, November 2004, resulting in a limitations period ending in November 2006. (*Id.* at 5.)

Defendant Infinity is the sole Defendant named in Count Two (Breach of Fiduciary Duty). (Docket 1-1 at 5–7.)  In Count Three (Joint Venture, Conspiracy, and Agency), Flagstar is generally

lumped with all four of the Defendants. Based on the allegations in the Complaint, it appears that the interactions between Plaintiff and Defendant Infinity that gave rise to claims against Infinity occurred in November 2004. Plaintiff filed his complaint nearly seven years later, that is, in October 2011. This is, however, not the end of the inquiry. A claim of breach of fiduciary duty is a tort-based theory of liability and, thus, Defendant Flagstar must establish that West Virginia's equitable tolling "discovery rule" does not toll the two-year statute of limitations. "The "discovery rule" is generally applicable to all torts, unless there is a clear statutory prohibition of its application." Syllabus Point 2, *Cart v. Marcum*, 423 S.E.2d 644 (1992). Syllabus Point 3, *Gaither v. City Hosp., Inc*., 706, 487 S.E.2d 901 (1997). It is generally recognized in West Virginia summary judgment law that application of the discovery rule presents a question of fact. *Stemple v. Dobson*, 321, 400 S.E.2d 561, 565 (W. Va. 1990) (citing cases).

Defendant Flagstar is correct that a cause of action for breach of fiduciary duty is governed by the two-year statute of limitations found in W. Va. Code § 55–2–12. *See Wittenburg v. First Ind. Mortg. Co,* 2011 WL 1357483 *17, No. 3:10–CV–58 (N.D.W. Va. April 11, 2011). But a claim of breach of fiduciary duty is a tort-based theory of liability and, thus in support of its remand motion, Defendant Flagstar bears the burden of demonstrating that there is "no possibility" that the discovery rule tolls the two-year statute of limitations. *Id.* In the context of a motion to dismiss, assertion of an affirmative defense, like a statute of limitations defense, presents a particular "procedural stumbling block" for defendants. *Richmond, Fredericksburg, & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993).

In the summary judgment context, a five-step test is used for evaluating whether a cause of action is time-barred:

9

First, the court should identify the applicable statute of limitation for each cause of action. Second, the court (or, if questions of material fact exist, the jury) should identify when the requisite elements of the cause of action occurred. Third, the discovery rule should be applied to determine when the statute of limitation began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action, as set forth in Syllabus Point 4 of *Gaither v. City Hosp., Inc.*, [487 S.E.2d 901 (1997)]. Fourth, if the plaintiff is not entitled to the benefit of the discovery rule, then determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action. Whenever a plaintiff is able to show that the defendant fraudulently concealed facts which prevented the plaintiff from discovering or pursuing the potential cause of action, the statute of limitation is tolled. And fifth, the court or the jury should determine if the statute of limitation period was arrested by some other tolling doctrine. Only the first step is purely a question of law; the resolution of steps two through five will generally involve questions of material fact that will need to be resolved by the trier of fact.

Syl. Pt. 5, *Dunn v. Rockwell*, 689 S.E.2d 255 (W.Va.2009). The court in *Dunn* added that steps two through five require the trial court "to analyze mixed questions of law and fact . . . to determine 'whether there is . . . [a] genuine issue of fact to be tried and inquiry concerning the facts is . . . desirable to clarify the application of the law.'" *Id*. at 265 (quoting Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Federal Ins. Co. of N.Y.*, 133 S.E.2d 770 (W.Va.1963)).

Flagstar's sole argument that Plaintiff's claims against Defendant Infinity are time-barred is that "[t]here is no allegation in the Complaint that the violation was "discovered" at any time other than when it occurred, November 2004, resulting in a limitations period ending in November 2006." (Docket 1 at 5.) This lone contention does not come close to satisfying Flagstar's burden. It is elemental that a civil complaint need only be "a short and plain statement" establishing the court's jurisdiction and demonstrating that the plaintiff is entitled to relief and a demand for relief. F.R.Civ.P. 8(a). A plaintiff is not required to assert facts in its complaint that would stave off all possible defenses. An assertion that a claim is time-barred is an affirmative defense that a

10

defendant— not a plaintiff—must prove.  *Goodman v.Praxair, Inc.*, 494 F. 3d 458, 464 (4th Cir. 2007).  In *Goodman* the Fourth Circuit observed:

> Ordinarily, a defense based on the statute of limitations must be raised by the defendant through an affirmative defense, *see* Fed.R.Civ.P. 8(c), and the burden of establishing the affirmative defense rests on the defendant. *See Newell v. Richards*, 323 Md. 717, 594 A.2d 1152, 1156 (1991); *accord Phoenix Sav. & Loan, Inc. v. Aetna Cas. & Sur. Co.*, 427 F.2d 862, 870 (4th Cir.1970). It follows, therefore, that a motion to dismiss filed under Federal Rule of Procedure 12(b)(6), which tests the sufficiency of the complaint, generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred.  But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6).  This principle only applies, however, if all facts necessary to the affirmative defense "clearly appear[ ] on the face of the complaint." *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir.1993) (emphasis added); *accord Desser v. Woods*, 266 Md. 696, 296 A.2d 586, 591 (1972).

As noted, the standard governing remand is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed.R.Civ.P. 12(b)(6)." *Hartley v. CSX Transp., Inc.*, 187 at 424. While there is a distinct possibility that Plaintiff's claims against Defendant Infinity are timed-barred, Defendant Flagstar must prove there is "no possibility" that they are not.  It fails to do so here.  The fairest approach is to remand this case to state court for a full airing of issues that are pre-eminently factual in nature and involve a determination of state law.  This is particularly fair because, based on Defendant Flagstar's representations, Defendant Infinity—a forum Defendant whose participation in this case bars removal under a separate theory, i.e. 28 U.S.C. § 1441(b)—has apparently not yet been served and otherwise has not appeared to defend its interests in this matter. Based on these collective reasons, this Court lacks subject matter jurisdiction and remand is required.

### *III. CONCLUSION*

For the foregoing reasons, the Court sua sponte **REMANDS** this case to Kanawha County

Circuit Court to determine the question of voluntary dismissal of Defendant Flagstar and all other matters.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        February 7, 2012

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE